21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angela G. MORSE, as Special Administrator of the Estate of
Paul Ralph Morse, Jr., deceased; Angela G. Morse,
individually; and Gene Morse,
Plaintiffs-Appellees,
v.
CITY OF FRESNO; Rod Brisendine; and Ron Weber,
Defendants-Appellants.
 No. 92-16695.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1994.*
Decided March 30, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and WILSON, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Angela and Gene Morse brought this action for civil rights violations and negligence against the City of Fresno and police officers Rod Brisendine and Ron Weber. They allege that those violations occurred in the conduct of an investigation during which Paul Morse was shot and killed in the presence of Gene. At the first trial, a jury found for all defendants on all of plaintiffs claims against them. However, on plaintiffs' motion, the district court (Judge Price) granted a new trial on the ground of insufficiency of the evidence to support the jury's verdict. At the second trial, a new jury found for the defendants on the Morse's civil rights claims, but found Brisendine and the City of Fresno liable for negligence. All of the defendants appealed the order granting a new trial. They ask us to reinstate the first jury verdict. We agree with defendants and reverse.
 
 
 4
 We review a district court's decision to grant a new trial for abuse of discretion. Air-Sea Forwarders, Inc. v. Air Asia Co., 880 F.2d 176, 190 (9th Cir.1989), cert. denied, 493 U.S. 1058, 110 S.Ct. 868, 107 L.Ed.2d 952 (1990). However, while the district court must weigh the evidence in deciding a motion for a new trial, we cannot. Landes Const. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371-72 (9th Cir.1987).
 
 
 5
 The district court "is not justified in granting a new trial merely because it might have come to a different result from that reached by the jury." Roy v. Volkswagen of America, Inc., 896 F.2d 1174, 1176 (9th Cir.1990) (internal quotations omitted), amended, 920 F.2d 618, cert. denied, --- U.S. ----, 111 S.Ct. 2042, 114 L.Ed.2d 126 (1991). When considering a motion for a new trial, "the [trial] judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Landes Const. Co., 833 F.2d at 1371. Nevertheless, it should enter an order granting a new trial based upon the insufficiency of the evidence, only if the verdict is clearly against the great weight of the evidence. Roy, 896 F.2d at 1176; Air-Sea, 880 F.2d at 190.
 
 
 6
 It is true that we will "rarely reverse a district judge's grant of a ... motion for a new trial...." United States v. Alston, 974 F.2d 1206, 1212 (9th Cir.1992). However, that does not mean that we must never do so. See Roy, 896 F.2d at 1179; McGhee v. Arabian American Oil Co., 871 F.2d 1412, 1420 (9th Cir.1989); Digidyne Corp. v. Data General Corp., 734 F.2d 1336, 1347 (9th Cir.1984), cert. denied, 473 U.S. 908, 105 S.Ct. 3534, 87 L.Ed.2d 657 (1985).
 
 
 7
 In this case, the record shows that the evidence was in sharp conflict. Percipient witnesses clashed over the concrete facts, and experts clashed over standards of proper police practice. It simply cannot be said that the first jury verdict was against the great weight of the evidence. We do recognize that we lack the district court's ability to evaluate demeanor and some of the other intangibles that go into credibility determinations. However, that lack alone cannot preclude our review of new trial decisions. Moreover, we have no reason to believe that credibility determinations played an important role in the district court's decision.
 
 
 8
 We understand the district court's concern for a citizen who had committed no wrong before he was roused from his sleep to encounter a situation that resulted in his shooting death. Nevertheless, given the strong evidence on both sides, the jury's verdict was within the realm of its authority to such a degree that the grant of a new trial was not justified.
 
 
 9
 We, therefore, reinstate the result of the first trial in favor of the defendants.
 
 
 10
 REVERSED.
 
 WILSON, District Judge, concurring:
 
 11
 While I concur in the result reached by my colleagues, I write separately because my analysis conflicts with the majority's opinion.
 
 
 12
 The District Judge in this matter wrote a lengthy opinion explaining his decision to grant a new trial. Nowhere in that opinion did the District Judge indicate that he was relying upon any credibility determinations in deciding that the verdict was against the great weight of the evidence.
 
 
 13
 The first question this Court should address is whether we should assume that credibility determinations were made. The majority opinion appears to think that we should assume that credibility determinations were made. If so, then we should probably make the further assumption that the credibility determinations related to potentially critical testimony involving, for example, whether the officers announced that they were police officers and whether the decedent was rolling toward his gun or away from his gun when he was shot. If the District Judge's decision relied upon credibility analysis of testimony in these crucial areas, the District Judge could properly have determined that the "not negligent" verdict was against the great weight of the evidence. Thus, using the assumption that credibility determinations were made, we should affirm.
 
 
 14
 However, I do not think that we should make any such assumption, and I therefore concur in the result. When a district judge does not indicate that credibility determinations played any part in the new trial determination, the Court of Appeals should not simply assume that credibility calculations were involved. In this case, absent any credibility determinations, the District Court abused its discretion in determining that the verdict was against the great weight of the evidence.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge, United States District Court for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3